UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DASHAWN HICKS,

                Plaintiff,                Case No. 16-cv-10213

v.                                        Honorable Thomas L. Ludington

LAKE PAINTING, INC.,

                Defendants.
_____/

**ORDER GRANTING MOTION TO AMEND AFFIRMATIVE DEFENSES**

On January 21, 2016, Plaintiff DaShawn Hicks filed this action against Defendant Lake Painting, Inc ("Lake Painting"). ECF No. 1. In the Complaint, Hicks alleges that he was subjected to racial harassment and retaliation while working for Lake Painting. He asserts three counts pursuant to 42 U.S.C. § 1981: racial harassment, retaliation, and constructive discharge. *Id.* On February 24, 2016, Lake Painting filed an answer to Hicks's Complaint. ECF No. 8. In that answer, Lake Painting asserted the following affirmative defense: "Defendant took prompt and appropriate remedial action in response to Plaintiff's January 30, 2014, complaint of racial harassment." *Id.* at 9. On April 12, 2016, the Court issued a scheduling order. ECF No. 14. Among other things, that scheduling order provided that discovery was due by October 12, 2016, set the dispositive motion cut-off for November 14, 2016, and scheduled a jury trial for March 14, 2017. *Id.* On September 19, 2016, Lake Painting filed a motion to amend its affirmatives defenses. ECF No. 15. Specifically, Lake Painting wants to assert the following amended defense: "Defendant exercised reasonable care to prevent and correct harassment and Plaintiff unreasonably failed to avail himself of the corrective and preventative measures or to otherwise avoid harm." *Id.* at 4. Pursuant to an agreement reached at the October 11, 2016, settlement

conference, the dispositive motion deadline was extended to November 28, 2016, and a settlement conference was scheduled for November 1, 2016, with Magistrate Judge Patricia T. Morris. ECF No. 19. For the following reasons, Lake Painting's motion to amend its affirmative defense will be granted.

## I.

Pursuant to the Federal Rules of Civil Procedure, leave to amend shall be given freely "when justice so requires." Fed. R. Civ. P. 15(a)(2). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, a party seeking to amend an answer "must act with due diligence if it intends to take advantage of the Rule's liberality." *United States v. Midwest Suspension and Brake*, 49 F.3d 1197, 1202 (6th Cir. 1995). A court may deny leave to amend when a party unnecessarily delayed in seeking amendment, thereby, causing prejudice to the other party or unduly delaying the litigation. *Phelps v. McClellan*, 30 F.3d 658, 662-63 (6th Cir. 1994) (citation omitted). "In determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction." *Id.* "[T]he fact that one party has spent time and money preparing for trial will usually not be deemed prejudice sufficient to warrant a deviation from the rule broadly allowing amendment to pleadings." *Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 284 (2d Cir. 2000). "'Prejudice' in the context of Rule 15 means more than the inconvenience of having to respond to a claim or

defense." *Mills v. United Producers, Inc.*, No. 11-13148-BC, 2012 WL 4692341, at *3 (E.D. Mich. Oct. 3, 2012).

## II.

In his motion seeking leave to amend affirmative defenses, Lake Painting asserts that Hicks had adequate advance notice of the defense because Lake Painting had already pleaded that it had addressed Hick's report of harassment. Lake Painting also argues that, because Lake Painting had produced the new policy in discovery and Hicks had questioned witnesses about that policy, there was no prejudice. Hicks counters by arguing that Lake Painting provided no explanation for why this defense was not asserted earlier, especially because Lake Painting had all the information necessary to make the defense at the time is answered Hicks's complaint. Hicks also argues that the amendment would prejudice him because Hicks would have to depose Lake Painting employees about the policy for a second time. Hicks finally argues that the testimony of several witnesses clearly forecloses the defense Lake Painting is attempting to assert because those witnesses admitted that the policy did not specifically mention racial slurs or epithets. In reply, Lake Painting asserts that Hicks already deposed witnesses about the policy which is the subject of the proposed defense and thus questions whether additional discovery is necessary. Despite that, Lake Painting has expressed a willingness to allow Hicks to re-depose witnesses on this issue. Lake Painting further asserts that the proposed amendment is not futile because the policy need not have directly mentioned racial slurs or epithets in order to be a sufficiently corrective and preventative measure.

The Court is persuaded that justice requires that Lake Painting be allowed to amend its affirmative defense. To begin with, the amended affirmative defense is not substantially different from the original defense. Before, Lake Painting was arguing that it had taken remedial action to

respond to the complaint of racial harassment. Now, Lake Painting seeks to explain that it also took reasonable care to prevent and correct harassment. Although the legal authority Lake Painting will rely on for the amended defense is distinct, the factual predicate is similar. Hicks was already aware of the new policy promulgated by Lake Painting in response to Hicks's complaints. For that reason, Hicks cannot credibly argue that it has been ambushed by the proposed amendment. Likewise, minimal additional discovery will be necessary.

Lake Painting has not explained why this defense was not brought sooner. However, "delay alone [is] not sufficient reason to deny" a motion to amend. *Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 459 (6th Cir. 2001). Rather, and as explained above, the crucial inquiry is whether the amendment will unduly delay the litigation or prejudice the plaintiff. Neither will occur here. The deadline to file dispositive motions has already been moved back by several weeks to accommodate a settlement conference between the parties. Further, the proposed defense is similar enough to the previous defense that any additional depositions that are necessary will be cabined in scope and time.[1] Thus, there is reason to believe that Hicks can conduct any additional discovery needed in a timely manner. Hicks might suffer inconvenience from the amendment, but not prejudice. *See Mills*, 2012 WL 4692341, at *4 (allowing amendment event though sought shortly before trial was scheduled to begin). Because there will be no need to expend significant resources in discovery nor will there be any undue delay, Hicks will not be prejudiced by the amendment.

---

[1] Lake Painting has represented that it will allow Hicks to re-depose witnesses, and the Court expects Lake Painting to fully cooperate with Hicks concerning any additional discovery that is necessary. Accordingly, the fact that discovery has already closed does not counsel against allowing the amendment. *See Mills*, 2012 WL 4692341 at *4 ("'Permitting a proposed amendment also may be prejudicial if discovery already has been completed, but this concern may be alleviated if the new claim arises from a similar set of operative facts and a similar time as the existing claims.'" (quoting *Bleiler v. Cristwood Contracting Co.*, 868 F.Supp. 461, 463 (D.Conn.1994) , *rev'd in part on other grounds*, 72 F.3d 13 (2d Cir.1995) (internal citation omitted))).

Further, Hicks's argument that the amendment would be futile is unpersuasive. A genuine question of fact exists as to whether Lake Painting's new policy constituted reasonable care to prevent and correct racial harassment even though it did not specifically mention racial slurs or epithets. Lake Painting need not demonstrate a likelihood of success on this defense at this juncture. Because the testimony given by witnesses in the depositions and the text of Lake Painting's employee manual does not conclusively foreclose the defense, it would be inappropriate to deny the motion to amend on futility grounds.

### III.

Accordingly, it is **ORDERED** that Defendant Lake Painting's motion to amend affirmative defenses, ECF No. 15, is **GRANTED.**

Dated: October 17, 2016

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 17, 2016.

s/Michael A. Sian
MICHAEL A. SIAN, Case Manager